UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **TRINEY LAVELLE PRICE** | **CIVIL ACTION NO. 20-0073** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **DEPUTY LOFTON, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Triney Lavelle Price, a prisoner at Ouachita Correctional Center ("OCC") proceeding pro se and in forma pauperis, filed the instant proceeding on approximately January 15, 2020, under 42 U.S.C. § 1983. He names Deputy Lofton and Deputy Bennett as defendants.[1] For reasons below, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that, on October 13, 2019, when Deputy Lofton was escorting him to "suicide watch," Lofton intentionally bent his wrists for about 2-3 minutes "as if to break them." [doc. #s 1, p. 3; 8, p. 1]. Plaintiff alleges that he was in handcuffs, that he never posed a threat to anyone, that he was willingly submitting to restraints, and that, therefore, Deputy Lofton had no reason to bend his wrists. [doc. # 8, p. 1]. He suffered pain in his wrists for approximately one week, and he maintains that Lofton's use of force exacerbated his pre-existing paranoia schizophrenia. *Id.* at 2. He also claims that he was denied medical assistance following the use of force. *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff alleges that, before he was escorted to suicide watch, he relinquished all of his property to Deputy Bennett. [doc. # 1, pp. 3-4]. However, when he received his property following release from suicide watch, his legal mail, which included copies of court minutes from his September 23, 2019 sentencing, was missing. *Id.* He claims that defendants must have destroyed his legal mail because it was the only item(s) missing apart from his thermal bottoms. *Id.* at 4-5.

Plaintiff claims that, because he lacks court minutes detailing his sentence, he has been "incarcerated for extra time . . . ." *Id.* at 5. He alleges: "I could not produce my time-credit-sentencing-sheet to the Louisiana Department of Corrections to show that I did not receive credit for time served, which Judge Stephens Winters ordered me to have . . . ." [doc. # 8, p. 2]. He maintains that he should have been released on December 7, 2019, but, because of defendants' actions, his release is scheduled for April 4, 2020. *Id.*

Plaintiff also claims that defendants either misplaced or destroyed his Bible and other religious materials. *Id.* at 3. That said, in approximately January or February 2020, officers gave his cellmate *his* previously misplaced Bible. *Id.* Plaintiff does not specify whether his cellmate returned the Bible to him.

Plaintiff seeks a transfer, copies of all the legal mail he received following his incarceration on December 3, 2018, and $600,000.00 for his "extra time" in incarceration, his lost or destroyed property, and his injuries from Lofton's use of force.

### Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis*,* his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a

4

"[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Request for Transfer**

Plaintiff asks the Court for a "change of venue," alleging that he fears retaliation at OCC. [doc. # 8, p. 4]. The undersigned construes this as a request for a transfer to a different facility rather than a true motion for change of legal venue.

A prisoner, however, has no constitutional right to be housed in any particular facility or transferred from one facility to another, even if conditions and amenities in one may be preferable to another. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Fuselier v. Mancuso*, 354 F. App'x 49, 2009 WL 3780729, at *1 (5th Cir. Nov. 12, 2009). "The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[T]he State may confine [a prisoner] and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution.").

Moreover, in Louisiana, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The secretary of the department may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the department." LA. REV. STAT. §15:824(A).

Here, as Plaintiff has no federal constitutional right to be transferred to, or confined in, a place of his choosing, and because Plaintiff's placement lies solely in the purview of the Department of Public Safety and Corrections, the Court should deny his request for a transfer.

5

**3. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Plaintiff seeks 600,000.00 for his "extra time" in incarceration, his lost or destroyed property, and his injuries from Lofton's use of force, which include pain for one week, emotional distress, mental anguish, paranoia, and stress-worrying syndrome.

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff seeks monetary relief for pain he suffered after Lofton bent his wrists, as well as pain due to lack of subsequent medical care. His one-week of wrist pain, without more, is a de minimis injury. For example, in *Siglar*, 112 F.3d at 193, a prisoner alleged that an officer twisted his arm behind his back and twisted his ear, bruising his ear and causing soreness in his ear for three days. He also maintained that he did not receive medical treatment following the incident. *Id.* The court held that the "alleged injury—a sore, bruised ear lasting for three days—was *de minimis*." See also *Herron v. Patrolman No. 1*, 111 F. App'x 710, 713 (5th Cir. 2004) (finding the following de minimis: "rough handling, which resulted in a temporary increase of pain in his already injured neck.").

6

Further, Plaintiff claims that defendants deprived him of his right to practice religion when they either lost, confiscated, or destroyed his Bible and other religious materials. [doc. # 8, p. 3]. Below, the undersigned addresses Plaintiff's request for relief concerning the lack of procedural due process prior to the deprivation of these materials and other property.[3] Under his First Amendment claim, however, he does not seek monetary compensation for the loss of his Bible and religious materials; rather, he necessarily seeks monetary relief for the deprivation of his right to practice his religion, which allegedly resulted in mental and emotional injuries. Plaintiff may not recover monetary relief for these injuries.[4]

Overall, with respect to his excessive-force claim, medical-care claim, and right-to-practice-religion claim, Plaintiff does not allege that he suffered a more-than-de-minimis physical injury or any other injury compensable by monetary relief. Accordingly, the Court should dismiss Plaintiff's requests for compensatory relief for these claims.

As Plaintiff requests *only* a transfer (which the undersigned previously recommended denying) and monetary relief for these claims, the Court should dismiss the claims.

---

[3] See *Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir. 2002) ("We also do not perceive any basis in Section 1997e(e) for barring an award of compensatory damages for the loss of Thompson's property provided he can establish actual injury.") (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir. 1999) (indicating in *dicta* that a suit for damages resulting from prison officials' seizure of an inmate's property without due process should not be dismissed merely because the inmate alleges emotional suffering resulting from the same incident)).

[4] See *Woods v. Chapman*, 239 F. App'x 35, 38 (5th Cir. 2007) (holding that an inmate could "not recover for his alleged emotional injuries" on a First Amendment claim because "he has not alleged any physical harm."); *Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 605-06 (5th Cir. 2008) (prisoner's claims for compensatory damages against prison officials in their official capacity on claims alleging First Amendment and RLUIPA violations were barred by the PLRA provision prohibiting actions for mental or emotional injury suffered while in custody without a prior showing of physical injury).

**4. Access to Court**

To reiterate, Plaintiff alleges that defendants lost, confiscated, or destroyed his legal mail, which included copies of court minutes from his September 23, 2019 sentencing. He claims that, because he is unable to produce his court minutes, he has been "incarcerated for extra time . . . ." *Id.* at 5. He alleges: "I could not produce my time-credit-sentencing-sheet to the Louisiana Department of Corrections to show that I did not receive credit for time served, which Judge Stephens Winters ordered me to have . . . ." [doc. # 8, p. 2]. He maintains that he should have been released on December 7, 2019, but, because of defendants' actions, his release is scheduled for April 4, 2020. *Id.* He seeks the return of his legal mail.

To succeed on a claimed denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that to state a claim of denial of access to the courts, a plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). "[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it."[5] *Christopher*, 536 U.S. at 417-18.

"Denial-of-access claims take one of two forms: forward-looking claims alleging 'that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time,' and backward-looking claims alleging that an official action has 'caused the loss

---

[5] "The underlying claim must be described well enough to apply the frivolity test and to show that its 'arguable' nature . . . is more than hope." *Sanchez v. Stephens*, 689 F. App'x 797, 799 (5th Cir. 2017) (citing *Christopher v. Harbury*, 536 U.S. 403, 416 (2002)).

8

or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief.'" *Waller v. Hanlon*, 922 F.3d 590, 601 (5th Cir. 2019) (quoting *Christopher*, 536 U.S. at 413-14).

"To maintain a backward-looking claim, a plaintiff must identify (1) a nonfrivolous underlying claim; (2) an official act that frustrated the litigation of that claim; and (3) a remedy that is not otherwise available in another suit that may yet be brought." *United States v. McRae*, 702 F.3d 806, 830-31 (5th Cir. 2012); see *Christopher*, 536 U.S. at 413-14 (("These cases do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable.").

Here, Plaintiff fails to allege that, because defendants lost, confiscated, or destroyed his copies of records pertaining to his sentence, he either (1) did not obtain the relief he sought in a proceeding he filed before the LDPSC;[6] (2) he cannot presently prepare or file a proceeding before the LDPSC; or (3) he could not prepare or file a proceeding before the LDPSC, and he has now lost the opportunity to do so. At best, he suggests that he cannot prepare or file a proceeding before the LDPSC, but he does not explain why he requires a copy of his sentencing records to prepare or file a proceeding.[7] Otherwise stated, he does not allege that any law, rule, order, instruction, or other requirement mandates that he must obtain a copy of his sentencing records prior to filing a proceeding before the LDPSC.

The Court should dismiss this claim.

---

[6] Plaintiff does not specify whether he attempted to seek relief (i.e. timely release) from the Louisiana Department of Public Safety and Corrections ("LDPSC").

[7] Relatedly, Plaintiff does not explain why he cannot request a copy from the LDPSC, request a copy from state court, or seek a copy using other means.

9

**5. Lost, Confiscated, or Destroyed Property**

By alleging that defendants lost, confiscated, or destroyed his legal mail, court minutes, religious materials, and thermal bottoms, Plaintiff essentially claims that defendants violated his right to procedural due process.

A post-deprivation tort cause of action in state law is, under the *Parratt/Hudson*[8] doctrine, sufficient to satisfy the requirements of due process when a plaintiff alleges that he has been deprived of his property, without due process of law, by the negligent or intentional actions of a state officer that are "random and unauthorized."[9] *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989) (quoting *Hudson*, 468 U.S. at 533-35). Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. *Copsey v. Swearingen*, 36 F.3d 1336, 1342-43 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984) (citing Louisiana Civil Code Article 2315 and observing that "Louisiana law affords an opportunity to redress intentional torts under the same section of the Code by which negligence is remedied."); *Fuller v. XTO Energy, Inc.*, 989 So. 2d 298, 302 (La. Ct. App. 2008) (recognizing the tort of conversion).[10]

---

[8] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986).

[9] "The doctrine is meant to protect the state from liability for failing to provide predeprivation process in situations where it cannot anticipate the need for such process (when actions are random and unauthorized)." *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996).

[10] See also *Suria v. Wathen*, 616 F. App'x 175 (5th Cir. 2015) (affirming dismissal of a claim, that correctional officers lost an inmate's personal property through gross negligence and dereliction of duty, on grounds that "negligent conduct is not actionable under § 1983."); *Krause v. Leonard*, 352 F. App'x 933 (5th Cir. 2009) (prisoner's claim, that police lost property that was inside his impounded automobile and allowed thieves to steal from his trailers during his time in jail, was not cognizable under Section 1983 because state law provided a meaningful post-deprivation remedy).

Here, Plaintiff does not allege that he was deprived of his property by anyone acting under an official policy, custom, or procedure; rather, he describes random and unauthorized action. Plaintiff should, if he wishes, pursue relief under state law in state court because Louisiana law provides adequate remedies for this alleged conduct. Accordingly, the Court should dismiss these claims.[11]

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Triney Lavelle Price's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

---

[11] As above, to the extent Plaintiff claims that, by destroying his legal materials, defendants violated his right of access to the courts, Plaintiff does state a plausible claim because he does not allege that he suffered a cognizable injury. To state an access-to-court claim, a plaintiff must allege a cognizable injury. See *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Walker v. Navarro Cty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993) ("[F]or Walker's claim to rise to the level of a constitutional violation of his right to access to the courts, he must allege that his position as a litigant was prejudiced by the mail tampering.").

11

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 2nd day of March, 2020.

_____
Karen L. Hayes
United States Magistrate Judge